JOURNAL ENTRY AND OPINION
Plaintiff-appellant the State of Ohio (State) appeals from the judgment of the trial court which, after a hearing, determined defendant-appellee Richard Baron (defendant) to be a sexually oriented offender rather than a sexual predator. For the reasons set forth below, we remand the case for a determination consistent with law and this opinion.
The defendant was indicted on May 7, 2001 on eight counts stemming from his involvement with three minor girls. The indictment charged him with two counts of rape in violation of R.C. 2907.02, two counts of gross sexual imposition in violation of R.C. 2907.05, one count of intimidation in violation of R.C. 2921.04, and three counts of illegal use of a minor in nudity-oriented matter/performance in violation of R.C. 2907.323. After further investigation, the defendant was re-indicted on October 17, 2001 for two counts of rape, two counts of gross sexual imposition, one count of intimidation and fourteen counts of illegal use of a minor in nudity-oriented matter/performance. The defendant pleaded not guilty to all counts of the indictment, but later retracted that plea and pleaded guilty to one count of illegal use of a minor in nudity-oriented matter/performance, a felony of the second degree, as charged in count thirteen of the indictment. The matter proceeded to a hearing, pursuant to R.C. 2950.09 (B)(1) on December 3, 2001.
At the hearing, the state presented testimony of Cynthia Fritz, mother of minor Monique, an alleged victim, who was sixteen years old at the time of the hearing. Ms. Fritz identified nude photos of her daughter which revealed Monique's vagina and breasts. She testified that the photos had been sent to an Ohio prison.
Ms. Fritz testified that she had seen her daughter in the company of a white male on more than one occasion. She identified him as the defendant. Ms. Fritz further testified that Monique was coming home with material goods which were not hers. On one occasion, Monique brought a leather jacket home, but when questioned about it, claimed it belonged to her friend Markita. When Ms. Fritz initially questioned Monique about the defendant, Monique responded that the defendant was someone's uncle.
Ms. Fritz testified that when she was made aware of the pictures, she knew the defendant was responsible for taking them. She stated that when she confronted Monique about the pictures, Monique lied and told Ms. Fritz that her boyfriend had taken the pictures. Ms. Fritz then called the police.
The state also presented the testimony of Taquanna, a fifteen year old who also knew the defendant through Markita. She testified that Markita said the defendant was a nice person and would give you stuff just to give you things. (T. 89) Taquanna knew that Markita had received clothes from the defendant. Taquanna testified that the defendant contacted her to let her know that he had picked up some things at the mall for her and invited her over to his house. He picked her up at the corner of her street and drove her to his house. At that time, he asked Taquanna to pose nude for him. Taquanna testified that she did not agree to pose nude at first because she was nervous. She stated that the defendant repeated his requests and eventually she posed for nudie pictures. Taquanna stated that a few days after this incident, the defendant gave her a pager, a pair of jeans and a shirt. Taquanna testified that she did not tell her parents about the defendant and chose to keep him a secret. She further testified that her mom eventually found out about the photos and called the police.
The state presented the testimony of Misty. She stated that she has known the defendant for approximately a year. She testified that the defendant frequently paid for babysitters and diapers for her children, paid to rent a car for her and even gave her a car to use. Misty stated that, in exchange for his favors and at his request, she would allow the defendant to perform oral sex on her.
Misty testified that on one occasion when the defendant was in her new home and she was out of the room, the defendant violated her four year old daughter. Specifically, Misty testified that her daughter told her that the defendant had promised to buy her ice cream and gummy bears. Misty also stated that her daughter told her a couple of days later that the defendant had touched her butt and licked her thing. Misty immediately called the police. While she waited for the police to arrive, she contacted the defendant to ask what he had done to her daughter. Misty stated that the defendant denied doing anything to her, but eventually admitted to Misty If I did anything, I should have did it to you. (T. 116). Lastly, the state presented testimony of James, Misty's nephew who corroborated Misty's testimony with regard to Misty's daughter.
The state attempted to present the testimony of a detective regarding the execution of a search warrant that uncovered additional nude photos involving another victim. The defense objected and the trial court sustained the objection, prohibiting the introduction of any additional evidence. The trial court then determined that the defendant was a sexually oriented offender and sentenced him to four years incarceration. It is from this ruling that the State now appeals, asserting three assignments of error for our review.
I. The trial court erred by refusing to allow the state to present evidence and call and examine witnesses pursuant to R.C. 2950.09 (B)(1).
In its first assignment of error, the state contends that the trial court erred in refusing to allow the state to present additional testimony regarding another victim of illegal use of a minor in nudity-oriented material. We agree with this contention.
It is well-settled that the trial court has broad discretion in determining the admissibility of evidence. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb the trial court's ruling absent an abuse of discretion. The term `abuse of discretion' connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying this standard of review, an appellate court must not substitute its judgment for that of the trial court. State v. Reiner (2001), 93 Ohio St.3d 601, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169. Rather, reversal on appeal is warranted only when the trial court has exercised its discretion unreasonably, arbitrarily or unconscionably. Id. citing State v. Adams (1980), 62 Ohio St.2d 151.
A sexual predator determination hearing is similar to a sentencing hearing, where it is well-settled that the rules of evidence do not strictly apply. State v. Cook (1998), 83 Ohio St.3d 404, 425. As long as the evidence sought to be admitted meets the minimum standard of reliable hearsay, the evidence is admissible. State v. Reed (May 16, 2001), 2001-Ohio-3271, 7th District No. 00 JE 22. Further, several appellate courts have found that evidence of uncharged sexual assaults is admissible at a sexual predator hearing. Reed, supra. citing State v. Burgess (July 10, 2000), Fayette App. No. CA99-08-21; State v. Pryce (June 28, 2000), Summit App. No. 19888; State v. McGavin (Feb. 16, 1999), Warren App. No. CA98-08-92; State v. Bedinghaus (July 31, 1998), Hamilton App. No. C-970833.
In this case, the trial court refused to allow the State to present photos discovered by police while executing a search warrant. The photos allegedly indicated that there existed yet another victim that had been subjected to the defendant's sexual abuse. The admission of such photos would have demonstrated the defendant's propensity to photograph nude photos of minor girls, and would have been beneficial for the purpose of determining whether the defendant was a sexual predator. We therefore find that the trial court abused its discretion by not allowing the photos into evidence for purposes of the sexual predator determination hearing and sustain this assignment of error.
II. The trial court's adjudication that the appellee is not a sexual predator is against the manifest weight of the evidence.
We agree with the state's contention that the trial court's adjudication is against the manifest weight of the evidence.
With regard to procedure, we note that the State may appeal as a matter of right the trial court's determination regarding the defendant's sexual predator status pursuant to R.C. 2950.09 (B)(4).
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31. The court should consider whether evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, or fragmentary. State v. Mattison (1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964),176 Ohio St. 61; State v. DeHass (1967), 10 Ohio St.2d 230.
Regarding the process employed in sexual predator determination hearings, the Supreme Court has stated:
 In making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender, the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950 (B)(2)(a) through (j). State v. Cook, supra.
In this case, the defendant was fifty-two years old. The victim of the crime to which he pleaded guilty was fifteen years old. Further, the other victims of abuse at the hands of the defendant as alleged in the nineteen count indictment were four years old and sixteen years old. There were multiple victims in this case. According to the testimony presented at the hearing, the defendant demonstrated a pattern of abuse in which he manipulated his victims with the promise of material goods, such as ice cream, gummy bears, jeans, or a leather jacket in exchange for sexual gratification, including photographing his victims in lewd poses. Lastly, the State had in its possession photographs of another alleged victim, which the trial court improperly excluded. In light of the foregoing factors which the trial court failed to properly consider, the trial court's determination that the defendant was not a sexual predator was against the manifest weight of the evidence. We therefore remand the case for a new hearing pursuant to R.C. 2950 (B)(1).
We find it troubling that the trial court, in finding that the defendant is not a sexual predator, placed the blame for these crimes for which the defendant was indicted on the victims themselves, implying that the victims had prostituted themselves into this situation. While one of the alleged victims was not a minor and may have been able to decide whether to allow the defendant to perform oral sex on her in exchange for material goods, the defendant pleaded guilty to a sex crime against a different victim, a minor child. The defendant lured this impressionable girl to his home with the promise of gifts. Her naivete in accepting the defendant's invitation can hardly be labeled prostitution. The victim should not be made to blame because she fell prey to the defendant's wile.
In finding that the trial court's finding is against the manifest weight of the evidence, we find that the State's third assignment of error is moot and remand the case for a new hearing.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. AND JAMES D. SWEENEY, J. CONCUR.